UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DE'ADRIAN C. BOYKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00610-TWP-DML |
| | ) | |
| JASON GRIFFITH, | ) | |
| MICHELLE FLOWERS, | ) | |
| PAUL TALBOT, | ) | |
| JASON ERNEST, | ) | |
| MATTHEW SARTEN, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY DISMISSING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff De'Adrian Boykins is an inmate at Pendleton Correctional Facility (PCF). Because Mr. Boykins is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen the complaint before service on the defendants. For the reasons set forth below, Mr. Boykins' complaint must be **dismissed**.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint[1]

Mr. Boykins alleges deliberate indifference to medical treatment for his diabetes while incarcerated at PCF from November 2018–January 2019. The defendants are Jason Griffith, Jason Ernest, and Matthew Sarten, who were employed as custody officials at PCF by the Indiana Department of Correction (IDOC); and Paul Talbot and Michelle Flowers, who were medical professionals employed by Wexford to treat PCF inmates pursuant to a contract with the IDOC. Mr. Boykins asserts claims for damages and injunctive relief against all five defendants.

Before November 21, 2018, Mr. Boykins was confined in the general population at PCF. He was diabetic, and the prison medical staff had ordered that, three times each day, he receive a blood sugar test and insulin. On November 21, he was moved from the general population to disciplinary segregation. From that date until January 15, 2019, Mr. Boykins did not receive blood sugar testing or insulin according to the medical staff's orders. During that time, Mr. Boykins notified the custody staff—including Mr. Griffith, Mr. Ernest, and Mr. Sarten—of his diabetes and the treatment he was supposed to receive. However, the custody staff refused to arrange for Mr. Boykins to visit the medical offices and maintained it was the medical staff's responsibility to administer that treatment. Mr. Boykins wrote the medical staff multiple times and was told that it was the custody staff's responsibility to escort him to the medical offices for treatment. Finally, Dr. Talbot intervened on January 15 to ensure that Mr. Boykins was being tested and receiving

---

[1] The Court has limited its review to the complaint (dkt. 2)—not the documents Mr. Boykins attached to it. *See, e.g., Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (noting that a district judge "could have stricken" attachments to a complaint "without bothering to read" them).

insulin according to his treatment plan. The complaint does not state whether or how Mr. Boykins was injured by the lack of treatment from November 21 through January 15.

### III. Analysis

Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning, they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed but disregarded that risk. *Id.* at 837; *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). "[C]onduct is 'deliberately indifferent' when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotations omitted).

But a plaintiff cannot prevail on an Eighth Amendment claim by showing only that he had a serious medical need and that the defendants did nothing about it. Indeed, the plaintiff also must show that he was *actually harmed* by the defendants' indifference. This is because "there is no tort without an actionable injury caused by the defendant's wrongful act." *Fields v. Wharrie*, 740 F.3d 1107, 1111 (7th Cir. 2014).

Because the complaint does not state how Mr. Boykins was injured, it fails to state a plausible claim for relief against any of the defendants. A complaint must describe "the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which

it rests." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601 (7th Cir. 2016). By failing to include any information about how he was harmed by the defendants' actions, Mr. Boykins has failed to give the defendants fair notice of his claims and the grounds for them.

There is an additional problem with Mr. Boykins' claims against Dr. Talbot and Ms. Flowers. Claims for damages resulting from constitutional violations proceed under 42 U.S.C. § 1983, and "[i]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). As to Ms. Flowers, the complaint states only that she is liable "for not interfering sooner and allowing this to manifest for almost two months." Dkt. 1 at 2. The complaint asserts the same allegation against Dr. Talbot and adds only that he was eventually responsible for ensuring that Mr. Boykins received regular testing and insulin. These allegations do not support a reasonable inference that Dr. Talbot or Ms. Flowers knew before January 15, 2019, that Mr. Boykins was not receiving the treatment he needed. Consequently, the complaint lacks allegations sufficient to support a claim that Dr. Talbot or Ms. Flowers was deliberately indifferent to Mr. Boykins' serious medical needs.

**IV. Dismissal of Complaint and Further Proceedings**

For the reasons set forth in Part III above, Mr. Boykins' complaint is **dismissed** for **failure to state a claim upon which relief may be granted**. Mr. Boykins shall have **through May 20, 2019**, to either **file an amended complaint** that resolves the problems discussed above. **Failure to do so in the time allotted will result in this action being dismissed and final judgment being entered without further warning or opportunity to show cause.**

If Mr. Boykins opts to file an amended complaint, it must include the case number associated with this action, no. 1:19-cv-00610-TWP-DML. Any amended complaint would be

4

screened pursuant to 28 U.S.C. § 1915A(b) and would completely replace the original complaint, so it must include all defendants, claims, and factual allegations Mr. Boykins wishes to pursue in this action.

**IT IS SO ORDERED.**

Date: 4/19/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DE'ADRIAN C. BOYKINS
201883
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064